UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ERVIN E. BLUMHORST, | Case No. 4:10-cv-00573-REB |
| Plaintiff, | **MEMORANDUM DECISION AND ORDER RE:** |
| v. | |
| PIERCE MANUFACTURING, INC., a Wisconsin corporation, AKRON BRASS COMPANY, a Delaware corporation, and john Does I through X, | **THIRD-PARTY DEFENDANT WATEROUS COMPANY'S MOTION FOR ORDER GRANTING LEAVE FOR SECOND DEPOSITION OF PLAINTIFF, ERVIN E. BLUMHORST AND FOR ENLARGEMENT OF TIME TO DESIGNATE EXPERT WITNESSES** |
| Defendants. | |
| PIERCE MANUFACTURING, INC., a Wisconsin corporation, | (DOCKET NO. 64) |
| Third-Party Plaintiff, | |
| v. | |
| WATEROUS COMPANY, a Minnesota corporation | |
| Third-Party Defendant. | |

Currently pending before the Court is Third-Party Defendant Waterous Company's ("Waterous") Motion for Order Granting Leave for Second Deposition of Plaintiff, Ervin E. Blumhorst and for Enlargement of Time to Designate Expert Witnesses (Docket No. 64). Having carefully reviewed the record and otherwise being fully advised, the Court hereby enters this Memorandum Decision and Order:

**CASE MANAGEMENT ORDER - 1**

# I.  <u>DISCUSSION</u>

Plaintiff was deposed on April 21, 2011 – nearly six months before Waterous was brought into this action as a Third-Party Defendant.  Waterous now seeks to depose Plaintiff, arguing generally that it had no opportunity to participate in Plaintiff's April 21, 2011 deposition and, more specifically, that Plaintiff's subsequent expert disclosures dealing with the adequacy of the warnings and operation instructions with respect to the drain valve warrant further inquiry. *See* Mem. in Supp. of Leave for Second Depo., pp. 2-3 (Docket No. 65) ("Waterous, in particular, and the First Party Defendants more generally, have not had an adequate opportunity to discuss with Blumhorst the particular criticisms advanced against Pierce directly, and Waterous secondarily, concerning the warnings and operation instructions related to the drain valve, and which form the basis of Plaintiff's expert witness criticisms of the Pierce fire truck generally, and the Waterous pump and drain valve more specifically.").

Relying upon FRCP 30 and FRCP 26, Plaintiff opposes Waterous' efforts, responding that the April 21, 2011 deposition already addressed "the warning on the drain valve and the instructions for its use" and that "Defendants had ample opportunity to inquire about those issues."  *See* Resp. to Mot. for Leave for Second Depo., p. 3 (Docket No. 68).

Plaintiff's arguments ignore the fact that Waterous was not a party to the action when Plaintiff was first deposed.  While certain issues may or may not have been discussed during Plaintiff's first deposition, Waterous is entitled to its own opportunity to depose Plaintiff for its own benefit, regardless of what other Defendants have already done by way of their own respective defenses.  Although it is true that Waterous is a Third-Party Defendant, brought into

**CASE MANAGEMENT ORDER - 2**

the case by a First-Party Defendant, the claims against Waterous would not have been raised but for the claims made by Plaintiff in the first instance.

Accordingly, Waterous is granted leave to depose Plaintiff, however, only to the extent of its described need for the deposition – that is, "the criticisms advanced against Pierce directly, and Waterous secondarily, concerning the warnings and operation instructions related to the drain valve, and which form the basis of Plaintiff's expert witness criticisms of the Pierce fire truck generally, and the Waterous pump and drain valve more specifically." *See* Mem. in Supp. of Leave for Second Depo., p. 3 (Docket No. 65). The deposition on these discrete issues will be limited to 6 hours. All interested parties will be permitted to attend and participate in the deposition, but any such additional participation is similarly limited to the subject matter set out above.

## II. ORDER

Based on the foregoing, IT IS HEREBY ORDERED that Third-Party Defendant Waterous Company's Motion for Order Granting Leave for Second Deposition of Plaintiff, Ervin E. Blumhorst and for Enlargement of Time to Designate Expert Witnesses (Docket No. 64) is GRANTED, consistent with the above-referenced rationale.

DATED:  **June 7, 2012**

Honorable Ronald E. Bush
U. S. Magistrate Judge

**CASE MANAGEMENT ORDER - 3**