UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ERVIN E. BLUMHORST,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>PIERCE MANUFACTURING, INC., a Wisconsin corporation, AKRON BRASS COMPANY, a Delaware corporation, and john Does I through X,<br><br>　　　　　Defendants.<br><br>PIERCE MANUFACTURING, INC., a Wisconsin corporation,<br><br>　　　　　Third-Party Plaintiff,<br><br>　v.<br><br>WATEROUS COMPANY, a Minnesota corporation<br><br>　　　　　Third-Party Defendant. | Case No. 4:10-cv-00573-REB<br><br>**MEMORANDUM DECISION AND ORDER RE: DEFENDANT PIERCE'S MOTION FOR DIRECTED VERDICT**<br><br>**(Docket No. 234)** |

Currently pending before the Court is Defendant Pierce Manufacturing, Inc.'s ("Pierce") Motion for Directed Verdict presented orally at the close of Plaintiff Ervin E. Blumhorst's ("Plaintiff") case-in-chief on February 25, 2013 and via a written Motion for Directed Verdict (Docket No. 234). Having carefully reviewed the record, participated in oral argument, and otherwise being fully advised, the Court enters the following Memorandum Decision and Order, memorializing the Court's oral decision, issued from the bench:

**MEMORANDUM DECISION AND ORDER - 1**

## I. DISCUSSION

The Court assumes that Pierce's Motion is made under FRCP 50(a), which permits the Court, after a party has been fully heard on an issue during a jury trial, to enter judgment as a matter of law against that party if "a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." The motion may be made at any time before the case is submitted to the jury, and "must specify the judgment sought and the law and the facts that entitle the movant to the judgment." However, the Court "must draw all reasonable inferences in favor of the non-moving party." *Ritchie v. United States*, 451 F. 3d 1019, 1022-23 (9th Cir. 2006). Further, "the court may not make any credibility determinations or weigh the evidence." *City of Solutions, Inc. v. Clear Channel Communications, Inc.*, 365 F.3d 835, 841 (9th Cir. 2004).

Through its Motion, Pierce argues that (1) it is absolutely immune from liability pursuant to the "contract specifications" defense, (2) Plaintiff cannot show that the allegedly inadequate warnings were causally linked to his accident, and (3) Plaintiff misused the Waterous pump. *See* Mem. in Supp. of Mot. for Directed Verdict (Docket No. 234, Att. 1).

1. The "Contract Specifications" Defense

Pierce again raises the defense that it manufactured exactly what the Fire Department asked for, and therefore it cannot be liable for Plaintiff's injuries. In Pierce's previous motion for summary judgment, it referred to this defense as the "Government Contractor" defense, and drew upon a line of cases holding that manufacturers of products made to specifications set out by a government agency could not be liable for any injuries that might result from problems in such specifications.

**MEMORANDUM DECISION AND ORDER - 2**

That defense is not available to non-military contractors under Ninth Circuit law, and the question of whether it applies is then decided under Idaho law.  In the case of *Nielsen v. George Diamond Vogel Paint Company*, 892 F.2d 1450 (9th Cir. 1990), it was held that a government contractor is immune from liability for strict liability and negligence claims in cases where the "government contractor [was] following plans and specifications prepared by the government" and any "defects in those specifications [were] not reasonably known to the contractor."  *Id.*, p. 1455. (Citations omitted.)

Although Pierce relies upon the *Nielsen* decision, its argument drawing upon that case falls short of FRCP 50(a) standards in two respects.  First, Idaho cases decided more recently than the decision in *Nielsen*, which attempted to anticipate what might be the law in Idaho upon as-of-then undecided issues, have more fully described the parameters of the defense in Idaho law.  Under Idaho law, "a public or private contractor *following plans and specifications prepared by another party* is not liable in negligence where defects in the plans and specifications cause injuries, so long as the contractor should not have reasonably known about the defects."  *Craig Johnson Construction LLC. v. Floyd Town Architects, P.A.*, 134 P.3d 648, 653 (Idaho 2006).

Although this decision was also relied upon by Pierce, the quoted language makes clear that one element of Pierce's burden of proof is to demonstrate that Pierce was "following plans and specifications prepared by another party."  That element is in dispute on the trial record, when reasonable inferences are drawn in favor of Plaintiff.  Specifically, evidence was presented in Plaintiff's case-in-chief that the "specifications" of the Waterous pump installed on the fire truck were prepared not by the Fire Department, but by Waterous and Pierce, and then selected,

**MEMORANDUM DECISION AND ORDER - 3**

as one of various options of specifications provided by Waterous and Pierce. Pierce argues strongly that the "selection" was tantamount to a "specification," but that will be the subject of argument from counsel, and decision by the jury.

Moreover, although not mentioned in Pierce's briefing, the *Nielsen* case also expressly holds that the defense of contract specifications does not necessarily reach to the issue of whether warnings were adequate:

> We conclude that it was error for the district court to grant summary judgment on Nielsen's claim for failure to warn of the dangers of using the paint. The defendants' motions did not address the adequacy of the warnings themselves. The defendants have never pointed to any mandatory specification in a paint contract that describes warnings in a certain form for all containers of paint, or that precludes the inclusion of additional warnings.

*Nielsen*, p. 1457.

The court went on to say "the affidavit showed that there were triable issues of fact on Nielsen's failure to warn claim. The district court erred in awarding summary judgment to defendants on this claim." *Id.* The same is true here, on the trial record, based upon testimony of Mr. Negro, Mr. Malmen, Mr. Blumhorst, and Dr. Gill, among others.

In light of these realities and taking all relevant inferences in Plaintiff's favor, the Court denies Pierce's Motion as to this issue.

    2.    <u>Causation between Warnings and Injury</u>

Pierce contends that both the language on the pump panel, and the instructions/warnings contained in the fire truck manuals, put the Fire Department on notice of any danger, and that once so advised, Pierce had no duty to warn any firefighter separately. Pierce also contends that Plaintiff misused the product, and the combination of such alleged misuse and warnings preclude any evidentiary causation with Plaintiff's injuries. The Court is satisfied that there is evidence in

**MEMORANDUM DECISION AND ORDER - 4**

the record, when considered with all reasonable inferences drawn in favor of Plaintiff, that preclude a directed verdict on this issue.

Plaintiff testified that the warning on the pump panel did not alert him to the potential danger which ensued, nor was he aware that his actions in making choices about the mechanical operation of the pump were somehow a "misuse" of the appliance.  Dr. Gill testified that the nature of the warning on the pump panel was inadequate under reasonable safety standards, as was the manual.  Further, there remains the question of the changed pump panel language, and the beefed-up warnings in the manual, which were not provided to prior purchasers of Pierce trucks containing the same Waterous pump.

In light of these realities and taking all relevant inferences in Plaintiff's favor, the Court denies Pierce's Motion as to this issue.

3.      Alleged Misuse of the Product

Pierce seeks a directed verdict absolving it of any potential liability based upon its "misuse" defense, which stems from a particular provision of Idaho's Product Liability Act.  That statute, I.C. § 6-1405(3), provides that "'[m]isuse' occurs when the product user does not act in a manner that would be expected of an ordinary reasonably prudent person who is likely to use the product in the same or similar circumstances."

There is no question that there is evidence in Plaintiff's case-in-chief that would call into question the manner in which the hose test was conducted.  But, that evidence is not entirely black and white, and Plaintiff is entitled to put the best face he can upon such evidence for the jury to consider.  Additionally, the evidence is not entirely certain as to whether his actions constituted misuse of the product – here, the pump – or constituted poor decisions about steps he

**MEMORANDUM DECISION AND ORDER - 5**

could have taken to protect himself from any dangers that might be associated with using the pump during hose testing.  The latter category could be argued to have nothing whatsoever to do with any "misuse" of the pump.

Accordingly, the Court cannot say that any evidence of alleged misuse rises to the level where a reasonable jury would have no legally sufficient basis to do anything other than to rule against Plaintiff on that issue.  Therefore, in light of these realities and taking all relevant inferences in Plaintiff's favor, the Court denies Pierce's Motion as to this issue.

## II.  ORDER

Based on the foregoing, IT IS HEREBY ORDERED that Pierce's motion for Directed Verdict (Docket No. 234) is DENIED.



DATED:  **March 8, 2013**

_____
Honorable Ronald E. Bush
U. S. Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 6**