UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ERVIN E. BLUMHORST,<br><br>      Plaintiff,<br><br>  v.<br><br>PIERCE MANUFACTURING, INC., a Wisconsin corporation, AKRON BRASS COMPANY, a Delaware corporation, and john Does I through X,<br><br>      Defendants.<br><br>PIERCE MANUFACTURING, INC., a Wisconsin corporation,<br><br>      Third-Party Plaintiff,<br><br>  v.<br><br>WATEROUS COMPANY, a Minnesota corporation<br><br>      Third-Party Defendant. | Case No. 4:10-cv-00573-REB<br><br>**ORDER RE: PLAINTIFF'S MOTION TO AMEND TO ADD A CLAIM FOR PUNITIVE DAMAGES AT THE CLOSE OF PLAINTIFF'S CASE IN CHIEF**<br><br>**(Docket No. 223)** |

      Now pending before the Court is Plaintiff's renewed Motion to Amend to Add a Claim for Punitive Damages at the Close of Plaintiff's Case in Chief (Docket No. 223).  Having carefully considered the record, participated in oral argument, and otherwise being fully advised, the undersigned delivered his oral ruling as to the above-referenced motion following oral argument on February 26, 2013.  This Order formally memorializes that decision.

**ORDER - 1**

## **DISCUSSION**

On February 11, 2013, this Court denied Plaintiff's Motion to Amend to assert a claim for punitive damages (Docket No. 126).  *See* 2/11/13 Order, p. 7 (Docket No. 188).  Plaintiff's renewed motion follows evidence presented in his case-in-chief, from which Plaintiff repeats his argument that Pierce (1) chose not to warn of a known danger associated with the "Instantaneous On-Off Switch" for more than two years before Plaintiff's injury, and then (2) continued to refuse to warn of that danger for more than two additional years after Plaintiff's injury is sufficient to support an award of punitive damages.

"[A] prayer for punitive damages is not a stand-alone cause of action, but flows from an underlying cause of action, such as a breach of contract or a tort, when the conduct of a party meets the threshold level of being oppressive and outrageous."  *See Boise Tower Assocs. LLC v. Washington Capital Joint Master Trust*, 2006 WL 1749656 at *12 (D. Idaho 2006).  Conduct justifying punitive damages requires "an intersection of two factors: a bad act and a bad state of mind."  *See Linscott v. Rainier Nat. Life Ins. Co.*, 606 P.2d 958, 962 (Idaho 1980).  The defendant must (1) act in a manner that was an extreme deviation from reasonable standards of conduct with an understanding of – or disregard for – its likely consequences, and must (2) act with an extremely harmful state of mind, described variously as with malice, oppression, fraud, gross negligence, wantonness, deliberately, or willfully.  *See Myers v. Workmen's Auto Ins. Co.*, 95 P.3d 977, 983 (Idaho 2004).  For Plaintiff to be entitled to amend his Complaint to add a claim for punitive damages, he needs to show "a reasonable likelihood of proving facts at trial sufficient to support an award of punitive damages."  *See* I.C. § 6-1604(2).  The decision as to whether such an amendment should be allowed is one placed in the discretion of the Court.

**ORDER - 2**

At the outset, Pierce's alleged failure to forward along the 2006 Waterous "warnings" in the two years before Plaintiff's 2008 accident (and, even, since then) – in essence, the foundation for Plaintiff's renewed effort to assert a claim for punitive damages[1] – arguably represents an deviation from reasonable standards of conduct. Indeed, the record contains evidence that Plaintiff can draw upon to argue that Pierce breached a duty to so warn. However, that breach does not rise to the level of egregiousness that warrants the relief Plaintiff now seeks.

Although Plaintiff's expert witness Richard Gill generally testified to such issues at trial,[2] his testimony did not contrast Pierce's actions with others in the relevant business – such evidence was significant within the case Plaintiff relied upon, *i.e.*, *Sliman v. Aluminum Co. of America, Inc.*, 112 Idaho 277 (Idaho 1986). In *Sliman*, the plaintiff's expert, George Greene, specifically testified that the defendant's conduct amounted to "an extreme deviation from customary and usual action taken by manufacturers of consumer products." *See Sliman*, 112 Idaho at 285 ("The record affords evidence that Mr. Greene was a qualified safety engineer and was familiar with customary practices in the consumer products industry. His testimony as to ALCOA's 'extreme deviation' from these customary practices was relevant tot he issue of punitive damages."). Unlike in *Sliman*, such focused testimony/evidence does not exist here.

---

[1] Though not contained within Plaintiff's written materials, during oral argument, Plaintiff's counsel asserted that Pierce's alleged failure to forward along the 2006 warnings *following* Plaintiff's 2008 accident represented additional evidence supporting a claim for punitive damages. Plaintiff offers no evidence in support of such an argument – that is, whether alleged conduct that existed independent of Plaintiff's claims (and, therefore, without any causal relationship to Plaintiff's claims) can support a claim for punitive damages. The Court has also not located any legal authority in support of such an argument.

[2] Other than referencing "Plaintiff's evidence" that is now "all in the record" (*see* Pl.'s Mot. to Am., p. 4 (Docket No. 223), Plaintiff cites to no actual evidence supporting his argument in favor of adding a claim for punitive damages against Pierce.

**ORDER - 3**

However, even if Pierce's failure to warn departed from industry norms, Plaintiff points to no evidence that it was performed with an extremely harmful state of mind – an additional requirement under Idaho law. In *Sliman*, evidence existed of 229 claims involving allegedly similar, and earlier, "blow-off" accidents with which the defendant was familiar prior to the at-issue accident. *See id*. at 284. Here, the record thus far contains no similar evidence that Pierce (or the supplier, Waterous) had notice of comparable incidents before Plaintiff's accident in 2008. Further, the decision in *Sliman* focused upon the duties of the component supplier, and Plaintiff chose not to sue Waterous. Here, Waterous changed the language on the control panel to more strongly emphasize the potential for injury in operation of the discharge relief valve. Mr. Negro, Pierce's representative, testified in Plaintiff's case-in-chief that no one at Pierce took any particular note of that change in language. Waterous also changed, in arguably significant fashion as testified to by Dr. Gill, the nature of the warnings in the operation manual for the pump. However, Mr. Negro said that such manuals were simply "passed on" by Pierce to their customers, in the same original plastic packaging in which the manuals were received from Waterous.

The Court understands that the Plaintiff has every right to argue that Pierce's conduct in failing to communicate the fact of such changed warnings supports Plaintiff's claims of strict liability and negligence. But, those facts still come from an otherwise barren landscape of facts to support a punitive damages claim. There is no evidence of prior accidents. There is no evidence of complaints from customers about the operation of the discharge relief valve, or the language of the instructions or warnings. There was no express request or concern raised by Waterous, to Pierce, at the time of the change in the wording on the pump panel or the manuals,

**ORDER - 4**

to the effect that the customers who had purchased trucks with such pumps in the past needed to be notified of the changes in instructions and warnings. Plaintiff certainly can argue that Pierce should have acted to notify prior purchasers even without such a directive from Waterous, but the failure to do so against the other facts in the record simply does not rise to the level the statute would require in order to allow proof of either an extreme deviation from reasonable standards of conduct, or a state of mind that can be characterized as malicious, oppressive, fraudulent, grossly negligent, wanton, deliberate, and/or willful.

Punitive damages are disfavored in the law. Such damages are an extraordinary remedy, available only in the extraordinary circumstances that Idaho statutory and case law permits. Those extraordinary circumstances are not present in this case. Therefore, after weighing the evidence presented in Plaintiff's case-in-chief, the undersigned concludes that Plaintiff has not presented a reasonable likelihood of proving facts at trial sufficient to support an award of punitive damages.

## ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's Motion to Amend to Add a Claim for Punitive Damages at the Close of Plaintiff's Case in Chief (Docket No. 223) is DENIED.



DATED: **March 8, 2013**

Honorable Ronald E. Bush
U. S. Magistrate Judge

**ORDER - 5**